NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  04a0028n.06
Filed:  October 14, 2004

No. 03-1748

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

GENERAL MOTORS CORPORATION, a )
Delaware corporation, )
)
    Plaintiff-Appellee, )
)
v. )  ON APPEAL FROM THE UNITED
)  STATES DISTRICT COURT FOR THE
THE WILDSIDE, a California corporation, )  EASTERN DISTRICT OF MICHIGAN
)
    Defendant-Appellant. )

Before:  SUTTON and COOK, Circuit Judges, and ALDRICH, Senior District Judge[*]

COOK, Circuit Judge.  The Wildside appeals the district court's grant of summary judgment in favor of General Motors on GM's trade dress infringement claims.  We affirm.

I

The Wildside manufactures heat transfers, some of which include images of GM's cars and trucks, though GM never authorized The Wildside to use those images.  Years before filing this action, GM sued The Wildside in Texas, asserting federal and state claims for trademark infringement and unfair competition.  That suit resulted in a consent decree that enjoined The

_____

[*]The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

No. 03-1748
*General Motors Corp. v. The Wildside*

Wildside from:

> using any trademark, trade name, logo, or design that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, Defendant's customers, or members of the public that said transfers or other unauthorized products or services sold by Defendant originate from Plaintiff, or that said transfers or other unauthorized products or services have been sponsored, approved, or licensed by or are associated with Plaintiff or are in some way connected or affiliated with Plaintiff.

(J.A. at 307–08.)

Unaware of the Texas injunction, GM filed suit in 2001 in Michigan federal court, alleging trade dress infringement in violation of state and federal statutory and common law. When GM learned of the Texas consent decree during discovery it sought a civil contempt order in Texas federal court while still pursuing relief in Michigan. The Texas district court denied the motion, stating from the bench:

> I conclude that the defendant did sell such products, that the designs, with the exception of the middle design, are of General Motors vehicles, but I cannot conclude that by clear and convincing evidence that the defendant's conduct in that regard is violative of the injunction. Again, that is not to express a view that this conduct is permitted under applicable law. I'm not opining on that. That issue is not before me.

(J.A. at 439.)

The Michigan court granted summary judgment in favor of GM on its trade dress infringement claims. On appeal, The Wildside argues that res judicata barred the Michigan suit, and that The Wildside's use of GM's vehicle designs was protected by fair use and the First Amendment.

II

No. 03-1748
*General Motors Corp. v. The Wildside*

This court reviews an order granting summary judgment de novo and therefore applies the usual Federal Rule of Civil Procedure 56 standard.

"Trade dress" refers to "the image and overall appearance of a product. It embodies that arrangement of identifying characteristics or decorations connected with a product, whether by packaging or otherwise, [that] make[s] the source of the product distinguishable from another and . . . promote[s] its sale." *Abercrombie & Fitch v. American Eagle Outfitters*, 280 F.3d 619, 629 (6th Cir. 2002) (citations and internal quotation marks omitted). We have held that trade dress may include the exterior design and shape of a car. *Esercizio v. Roberts*, 944 F.2d 1235, 1240 (6th Cir. 1991). Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), protects trade dress from infringement. *Abercrombie & Fitch*, 280 F.3d at 629.

The Wildside argues that the Texas court's denial of GM's motion for civil contempt precludes further litigation of GM's trade dress infringement claim against The Wildside. It argues that both claim preclusion and issue preclusion bar the Michigan suit. But both preclusion doctrines apply only if the prior litigation ended in a final judgment on the merits. *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003) (claim preclusion); *N.L.R.B. v. Ky. May Coal Co.*, 89 F.3d 1235, 1239 (6th Cir. 1996) (issue preclusion). Because the Texas court's decision was not a judgment on the merits, but simply a finding that GM failed to prove that the shapes of GM vehicles were "designs" as used in the consent decree, that decision does not affect GM's trade dress infringement claims in Michigan.

The Wildside also argues that its use of images of GM vehicles is fair use. But the fair use defense applies only where the defendant uses the plaintiff's images to describe the defendant's own goods. *PACCAR Inc. v. TeleScan Technologies, L.L.C.*, 319 F.3d 243, 255 (6th Cir. 2003). Here, The Wildside is not using images of GM vehicles to describe its heat transfers. Rather, those images depict GM vehicles, leading, as the district court concluded, to a likelihood of confusion as to whether the transfers originated with or were sponsored by GM. *See Frisch's Restaurants, Inc. v. Elby's Big Boy, Inc.*, 670 F.2d 642, 648 (6th Cir. 1982). Thus, the fair use defense does not benefit The Wildside.

The Wildside further argues that the First Amendment protects its use of images of GM vehicles because those images enable The Wildside's customers to express "statements of the wearer that he or she likes modified cars, likes to drive off-road or associates with police officers, etc." (Appellant's Br. at 53.) But ordinarily, a party may not assert the rights of others, *County Court of Ulster County v. Allen*, 442 U.S. 140, 154–55 (1979), and The Wildside has given us no explanation why the circumstances of this case warrant granting it third-party standing. We therefore decline to address The Wildside's First Amendment argument.

III

For the foregoing reasons, we affirm the district court's order granting summary judgment on GM's trade dress infringement claim.